On Application fob Rehearing.
Tissot, Judge of the District Court,
participating:
The instrument under consideration, and upon which the Relator founds his pretensions, cannot be considered as a valid Louisiana conventional mortgage. There seems to be a marked difference between our mortgage and the common law mortgage of our sister States. *802 It is impossible, under our laws and jurisprudence, that Boyd should have purchased the property described in the deed in question and, at the same time, have retained a mortgage thereon. Here the property could not be conveyed to him, and he be allowed to have a legal right thereon for the discharge of any such obligation as he claims.
Mortgage is defined by our Civil Code to be a right granted to the creditor over the property of his debtor, for the security of his debt, giving him the power of having the property seized and sold in default of payment. R. C. C. 3278, (3245).
It is a species of pledge, the thing mortgaged being bound for the payment of the debt or, fulfilment of the obligation. R. C. C. 3279, (3246). It resembles the pledge: 1, in that both are granted to the creditor, for the security of his debt; 2, in that both bind the thing subjected to them, and that the same thing cannot be engaged to a second creditor to the prejudice of the first. R. C. C. 3280, (3247).
It differs from pledge in this: 1, that mortgage exists only on immovables, ships, steamboats and other vessels, or such rights as are described by law, and that the pledge has for its object only movables, corporeal or incorporeal; 2, that in pledge, the movables and effects subjected to it are put into the possession of the creditor or of a third person agreed upon by the parties, while,the mortgage only subjects to the rights of the creditor the property on which it is imposed, without it being necessary that he should have actual possession. R, C. C. 3281, (3248). It only takes place in such instances as are authorized by law. R. C. C. 3283, (3250).
The conventional mortgage is a contract by wliicha person binds the whole of his property or a portion of it only, in favor of another, to secure the execution of some engagement, but without divesting himself of the possession. R. C. C. 3286, (3253); 3287, (3254); 3290, (3257). These provisions of our laws clearly repel the idea that one can buy property and retain, at the same time, a conventional mortgage on it in his own favor.
Tested by these provisions of our laws, the instrument above referred to must be declared invalid as a Louisiana conventional mortgage.
It is styled a “ deed of trust.” It purports to bargain, sell and convey to Alston Boyd, as trustee, the property described in its body. By its terms Boyd is to have and to hold said property, by himself, his heirs and assigns, forever, in fee simple. The grantor is therein given the right to reimburse the grantee the amount of its consideration, etc.
No mortgage is ever granted in these'terms in this State. And they cannot be so consented.
*803 “ Deeds of trust” executed here are not known to be recognized by this Court. If this instrument be anything, it is a contract of sale with right of redemption.
Our laws clearly define such a contract as that embodied in this “ deed of trust.” This “ deed” or contract contains all the essential requirements of a regular act of sale. A thing sold, a price, and a consent. R. C. C. 2459, (2414). It is a perfect sale. The saléis considered tobe perfect between the parties, and the property is of right acquired to the purchaser, with regard to the seller, as soon as there exists an agreement for the object and for the price thereof. Although the object has not yet been delivered, nor the price paid. R. C. C. 2456, (2431). The tradition or delivery of immovables is considered as always accompanying the public act which transfers the property. Every obstacle which the seller afterwards imposes to prevent the corporeal possession of the buyer is considered as a trespass. R. C. C. 2479, (2455).
This “ deed” contains the power of redemption recognized by Article 2566, (2544) of the Revised Civil Code, and defined in Article 2567 (2545) of said Code. It is unmistakably a sale with power of redemption and cannot be tortured into a mortgage.
It is useless to seek for the intention of the parties. It is clearly expressed by the terms of the act. Why should it be held that the parties intended to make a common law mortgage, unknown’to our law, when the act shows that they actually entered into a valid contract of sale, with power and right of redemption fully recognized and defined by our law and jurisprudence.
It is believed to be of the utmost importance that the line of distinction between contracts should be kept as clearly marked and defined in our jurisprudence as it is by the law itself.
Boyd could have preserved his rights by properly recording this deed. Registry of such an act in the mortgage records can give Mm no mortgage.
There is no necessity to set aside the expressed intent of the parties, the substance, to seek for a latent intent, a mere shadow.
Those who live in this State must look to its law for the definition of their contracts. And, when they find a contract of sale with right of redemption erroneously inscribed in the mortgage registry, they cannot be asked or required to consider it as a mortgage, even if it be labelled as such.
For these reasons, I concur in the refusal of the rehearing sought herein, and give my adhesion to the decree herein rendered by his Honor the Chief Justice.